821 P.2d 285

**STATE of Arizona, Appellee,**

v.

**Leo Anthony NIETO, Appellant.**

**No. 1 CA–CR 90–1419.**

Court of Appeals of Arizona, Division 1, Department C.

Nov. 19, 1991.

Grant Woods, Atty. Gen., by Paul J. McMurdie, Chief Counsel, Criminal Div., Eric A. Bryant, Asst. Atty. Gen., Criminal Div., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Edward F. McGee, Deputy Public Defender, Phoenix, for appellant.

## OPINION

EUBANK, Judge.

The appellant Leo Anthony Nieto was tried and convicted on a charge of aggravated assault. He appealed his conviction and sentence. We remanded for resentencing in *State v. Nieto*, 1 CA–CR 89–263 (App. June 5, 1990). After remand, the trial court resentenced the defendant but ordered the Department of Corrections (DOC) to compute the appellant's presentence incarceration time. The appellant appeals from the sentence and argues that it is improper for the trial court to delegate the computation of his presentence incarceration time to the Department of Corrections.

The state contends that it is unimportant whether the trial court or the Department of Corrections "looks at the calendar and computes the time." We disagree.

A.R.S. § 13–603(H) states:

A court authorized to pass sentence upon a person convicted of any offense defined within or without this title *shall have a duty to determine and impose punishment* proscribed for such an offense. (Emphasis added).

Rule 26.9, Arizona Rules of Criminal Procedure (Rule), provides for the right of the defendant to be physically present at the time of sentencing. Further, Rule 26.10(b), was amended in 1979 to provide:

b. Pronouncement of Sentence. The Court shall:

\* \* \* \* \* \*

(4) Specify the commencement date of the term of imprisonment and a *computation of time to be credited against the sentence* as required by law; ... (Emphasis added).

A.R.S. § 13–709, dealing with the calculation of imprisonment, reads in part:

A. A sentence of imprisonment commences when sentence is imposed if the defendant is in custody or surrenders into custody at that time. Otherwise it commences when the defendant becomes actually in custody.

B. All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment otherwise provided for by this chapter.

C. If a sentence of imprisonment is vacated and a new sentence is imposed on the defendant for the same offense, the new sentence is calculated as if it had commenced at the time the vacated sentence was imposed, and all time served under the vacated sentence shall be credited against the new sentence.

\* \* \* \* \* \*

E. The sentencing court shall include the time of commencement of sentence under subsection A *and the computation of time credited against sentence under Subsection B, C or D, in the original* or an amended commitment *order*, under procedures established by rule of court. (Emphasis added).

Thus, the rules and statutes cited above make it abundantly clear that the sentencing judge has the duty and responsibility of computing and pronouncing the presentence custody credit at the time of sentence in the presence of the defendant.

There is a sound basis for requiring the presentence credit to be established at the time of sentencing. It gives both the defendant, and his counsel, and the state an opportunity to dispute the credit before the sentencing court. If a dispute is warranted, the court can correct it. In the circumstances of this appeal, if a dispute would be warranted, based on DOC's calculations, an additional action would have to be filed by the defendant in order to dispute the calculation. A further problem is that the computation by DOC would probably occur *after* the appeal time had run. This is indeed a poor result.

The sentence of the trial court is vacated. We remand this matter to the trial court for resentencing.

GRANT, P.J., and KLEINSCHMIDT, J., concur.