NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

RICHARD E. CORLEY, *Appellant*.

No. 1 CA-CR 18-0570
FILED 10-1-2019

Appeal from the Superior Court in Maricopa County
No.  CR 2017-136311-001
The Honorable Annielaurie Van Wie, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kevin D. Heade
*Advisory Counsel for Appellant*

Richard E. Corley, Kingman
*Appellant*

---

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Lawrence F. Winthrop joined.

---

**B R O W N**, Judge:

**¶1** Richard Corley appeals his conviction and sentence for criminal trespass in the first degree. For the following reasons, we affirm.

### BACKGROUND

**¶2** A bank foreclosed on a house in Phoenix. While inspecting the property in March 2017, the bank's representative was surprised to discover that several people had moved into the house, including a man later identified as Corley. The representative informed Corley that the bank owned the house, and Corley was not allowed on the property. In response, Corley stated he had a lease for the house, but he did not produce any document showing a lease. The bank's representative reported the matter to the police, who indicated there was nothing they could do "if somebody was living in the house." In July, a police detective assigned to investigate Corley's involvement in a separate incident learned that Corley was still living in the house.

**¶3** The State then filed a direct complaint charging Corley with criminal trespass in the first degree, assault, and criminal damage. Several weeks later, the State filed a notice of supervening indictment based on the grand jury's decision to indict Corley on the same charges.[1] At an initial preconference hearing, Corley waived his right to counsel and began representing himself, with the assistance of advisory counsel. Before trial, Corley filed a number of motions contending the superior court lacked subject matter jurisdiction, all of which were denied. Corley filed additional motions asserting the State denied him a right to a preliminary hearing, which were also denied. At trial, Corley continued to represent himself, and the jury found him guilty of criminal trespass. The court

---

[1] The superior court severed the assault and criminal damage counts from the criminal trespass charge. This appeal involves only the criminal trespass charge.

sentenced him to a presumptive term of 3.75 years of imprisonment with 361 days of presentence incarceration credit. Corley timely appealed.

## DISCUSSION

### A.     Subject Matter Jurisdiction

¶4          Corley argues the superior court lacked subject matter jurisdiction over his case because "the [p]rosecutor failed to state and provide the court by what authority/subject matter jurisdiction the court is to operate." A defendant may question subject matter jurisdiction at any point in the proceedings, and it is a legal issue we review de novo. *State v. Fimbres*, 222 Ariz. 293, 301, ¶¶ 26–27 (App. 2009).

¶5          Subject matter jurisdiction is "the power of a court to hear and determine a controversy." *Id.* at ¶ 29 (citation omitted). The superior court has such jurisdiction over "[c]riminal cases amounting to felony, and cases of misdemeanor not otherwise provided for by law." Ariz. Const. art. VI, § 14(4); see also *Fimbres*, 222 Ariz. at 301, ¶ 29. Thus, because criminal trespass in the first degree is a felony, Arizona's "constitution confers subject matter on the superior court to hear cases involving that crime." *Id.*

¶6          And contrary to Corley's assertion, nothing in Arizona law supports his contention that the prosecutor must affirmatively specify the authority or subject matter jurisdiction upon which a court is permitted to operate.[2] Instead, "subject matter jurisdiction is established when the indictment is filed," and then it cannot be lost due to later events. *Id.* at 301–02, ¶ 29, 33; *see also State v. Rodriguez*, 205 Ariz. 392, 395, ¶ 7 n.1 (App. 2003) (noting that the superior court generally has subject matter jurisdiction "over any criminal case in which the defendant is charged by indictment or information with a felony."). Corley was first charged by direct complaint, which was later superseded by the grand jury's indictment. Accordingly, the superior court had subject matter jurisdiction to hear and determine the State's case against him.

¶7          Corley also suggests the grand jury dismissed the charges against him, and thus, the superior court did not retain jurisdiction over his

[2]          Corley suggests that this case is a civil matter, and thus not appropriate for prosecution, based on his claim that he had the right to live in the house through adverse possession. As explained above, when the criminal charges were filed, the superior court acquired subject matter jurisdiction to consider them. Corley's belief that he had the right to live in the house did not affect the court's jurisdiction.

case. The record shows otherwise. The State implicitly dismissed the direct complaint when it filed the notice of superseding indictment.

### B.      Right to a Preliminary Hearing

**¶8**          Corley argues that despite the grand jury indictment, he was entitled to a preliminary hearing. A preliminary hearing and a grand jury proceeding have the same purpose—"to determine whether there is probable cause to believe the accused committed an offense." *State v. Neese*, 126 Ariz. 499, 502 (App. 1980). Because the grand jury determined there was probable cause, there was no need for or right to an additional preliminary hearing.

**¶9**          Although Corley contends he had no opportunity to challenge the grand jury proceedings, he had ample time to do so. Ariz. R. Crim. P. 12.9(b) (providing if a defendant chooses to challenge grand jury proceedings, the motion must be filed "no later than 45 days after the certified transcript and minutes of the grand jury proceedings are filed or no later than 45 days after the defendant's arraignment, whichever is later."). According to our review of the record, Corley did not file such a motion.

### C.      Presentence Incarceration Credit

**¶10**          Corley contends he should have been awarded an additional 113 days of presentence incarceration credit for the criminal trespass conviction. Because he failed to raise that issue in the superior court, we review only for fundamental error. To prevail under this standard of review, Corley must show that fundamental error exists and the error caused him prejudice. *State v. Escalante*, 245 Ariz. 135, 140, ¶ 13 (2018). A sentencing judge has the responsibility to compute the appropriate presentence incarceration credit at the time of sentencing. *State v. Nieto*, 170 Ariz. 18, 19 (App. 1991). Here, the court gave Corley credit for 361 days for his criminal trespass case. He was also given credit for 113 days for a separate probation violation matter.

**¶11**          We reject Corley's assertion that he was entitled to additional credit. Because he was convicted of criminal trespass in the first degree, he is only entitled to credit for the time he was incarcerated for that offense. *See* A.R.S. § 13-712(B). The 113 days the superior court referred to at sentencing is irrelevant because it relates only to the probation violation matter.

## CONCLUSION

¶12     We affirm Corley's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED:   AA